UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHNNY MCCRAY,                                          :

                    Petitioner,              : 10 Civ. 6198 (PAC) (GWG)

     -v.-                                    : <u>REPORT AND RECOMMENDATION</u>

DETECTIVE RICHARD CASTELHANO, et al.,        :

                    Respondent.              :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The complaint in this matter was filed on August 18, 2010.  On November 7, 2010,

petitioner wrote to the Court "requesting an extension on the frame of time (120 days) that [he

had] to serve the defendants with the appropriate documents."  <u>See</u> Memorandum Endorsement,

dated Jan. 16, 2011 (Docket # 8).  On January 16, 2011, the Court granted the petitioner's

request and extended the time to serve until February 28, 2011.  <u>See id.</u>  Petitioner did not file

proof of service within that time.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court
– on motion or on its own after notice to the plaintiff – must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time.  But if the plaintiff shows good cause for the failure, the court
must extend the time for service for an appropriate period.

The 120-day period permitted under Rule 4(m) has expired.  To date, there has been no proof of

service filed with respect to any of the defendants in this matter.  Nor has there been an

additional application for an extension of time that shows good cause for such failure.  In

addition, the Court's clerk has learned from the United States Marshals Service that it has

received no request from plaintiff to effectuate service.

At this point, the Court would normally issue an order informing plaintiff that his case would be dismissed unless he served the summons and complaint on or before a certain date, or sought an extension of this deadline by showing good cause for his failure to effectuate service. However, such an order would be of little use inasmuch as plaintiff was discharged from the last residence he provided to the Court – Five Points Correctional Facility – on January 11, 2011, and has not updated his address with the Court.  Indeed, the Court issued an Order on March 8, 2011, directing plaintiff to inform the Court of any new address, but there has been no response to that Order.

Because plaintiff "has not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address," Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002), this case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).  See id. ("it is impossible to proceed with this case so long as plaintiff[']s whereabouts are not known"); accord Dumpson v. Goord, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (plaintiff's failure to provide contact information warrants dismissal of action); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("the very fact that [plaintiff] has been inaccessible for the last two months – without notifying the Court, the Government, or the Pro Se Office of a change of address – strongly suggests that he is not diligently pursuing this claim").

Conclusion

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Crotty.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 24, 2011
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 24, 2011
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

3